

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 1:05-CR-64 |
| | § | |
| JONATHAN BRENT HARVEY | § | |

## FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that Defendant, Jonathan Brent Harvey, violated conditions of supervised release imposed by United States District Judge Ron Clark. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* (doc. #55) requesting the revocation of the defendant's supervised release

The Court conducted a hearing on March 19, 2013, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of

Criminal Procedure 11, the Court finds:

    a.    That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

    b.    That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On January 9, 2006, the Honorable Ron Clark of the Eastern District of Texas sentenced Jonathan Harvey after he pled guilty to the offense of to the offense of Possession With Intent to Distribute 50 Grams or More, But Less Than 500 Grams, of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, a Class B felony. The Court sentenced the defendant to 70 months imprisonment, followed by 5 years supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure, mental health treatment, no alcohol, and treatment and testing for alcohol abuse. On July 12, 2009, Jonathan Harvey completed his period of imprisonment and began service of the supervision term.

On January 9, 2012, the Court modified Jonathan Brent Harvey's conditions of supervised release to include 180 days home detention. Also, on May 7, 2012, the Court modified Jonathan Brent Harvey's conditions of supervised release to include no contact with a child under the age of

18 unless approved by the probation officer. Additionally, on July 10, 2012, the Court modified Jonathan Brent Harvey's conditions of supervised release to include an additional 120 days of home detention. Finally, on October 19, 2012, the Court modified Jonathan Brent Harvey's conditions of supervised release to include alcohol abstinence.

### B. Allegations in Petition

The United States alleges that the defendant violated the following mandatory condition of supervised release:

*The defendant shall not commit another federal, state or local crime.*

On October 29, 2012, Mr. Harvey was found guilty of indecency with a child in the Criminal District Court of Jefferson County, Texas.

### C. Evidence presented at Hearing

At the hearing, the Government offered the following evidence as its factual basis in support of the alleged violation. The Government submitted a copy of the judgment of conviction and the waiver of indictment filed in cause number 12-15438 in the Criminal District Court of Jefferson County, Texas, showing that on October 29, 2012, Jonathan Brent Harvey pled guilty to the offense of indecency with a child. He was sentenced to four years confinement in the Institutional Division of TDCJ for that offense.

Defendant, Jonathan Brent Harvey, offered a plea of true to the above-stated allegation in the petition. Specifically, he agreed with the evidence presented and pled true to the allegation that he committed a new state crime in violation of his supervision conditions in this case.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised

release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a mandatory condition of his supervised release by committing a new state crime while on supervised release in this case.

If the Court finds that Harvey violated his supervision conditions in the manner stated above, this will constitute a Grade A violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade A violation, the Court shall revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(1). Based upon the defendant's criminal history category of IV and the Grade A violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from 24 to 30 months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class B felony, the statutory maximum imprisonment term upon revocation is three years. *See* 18 U.S.C. § 3583(e)(3).

According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4, and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment. In this case, Harvey failed to serve 65 days of home confinement time which he was ordered to serve as part of his conditions of supervision.

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy

statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that he violated his supervision conditions. The Court, therefore, finds by a preponderance of the evidence that the defendant committed a Grade A violation of his supervision conditions by committing a new state crime. The defendant knowingly and voluntarily pled true.

At the revocation hearing, the parties reached an agreement on the length of the sentence - 18 months imprisonment plus 65 days imprisonment for the unserved home confinement time[2] - but disputed whether the sentence should run concurrently or consecutively to the state sentence Mr. Harvey is currently serving. After considering the circumstances of the case and the arguments and evidence presented, the Court finds that Defendant violated his conditions of supervised release and a term of imprisonment should be imposed for the revocation.

For purposes of the revocation matter before the undersigned, U.S.S.G. § 7B1.3(f) suggests that "[a]ny term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

[2] The Court notes that this sentence falls below the imprisonment range recommended by the Guidelines in this case and as recommended by the United States Probation Office. However, the Government and Defendant agreed to the disposition of Mr. Harvey's case in this manner.

serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release." The Fifth Circuit has noted the consecutive sentence preference under the Guidelines, especially when the defendant is currently serving a term of imprisonment for the same conduct made the basis of the revocation. *See United States v. Perez-Rodriguez*, No. 11-50149, 2011 U.S. App. LEXIS 19721, 2011 WL 4448746 at *2 (5th Cir. Sept. 27, 2011), *cert. denied* 181 L. Ed. 2d 1006 (2012) (citing 18 U.S.C. § 3584; *United States v. Gonzalez*, 250 F.3d 923, 929 n.8; U.S.S.G. § 7B1.3(f) and comment (n.4); *United States v. Ramirez*, No. 06-11323, 264 F. App'x 454, 458-59 (5th Cir. Feb. 4, 2008)). Based on this authority, at this time the Court concludes that the revocation sentence should run consecutively to the state sentence. Furthermore, in support, the Court notes that (1) the Probation Office sought to help Mr. Harvey in his compliance at least four times by modifying his conditions rather than seeking revocation and (2) the defendant will be receiving a sentence less than the 24 to 30 months recommended by the Guidelines in this case.

Therefore, based upon the plea of true and the evidence presented in this case, the undersigned magistrate judge recommends that the District Court accept the plea of true and revoke Defendant's supervised release. Considering the totality of the circumstances and evidence in this case, the undersigned magistrate judge further recommends that the District Court order Defendant, Jonathan Brent Harvey, to a term of **eighteen (18) months plus 65 days imprisonment** in this cause, with no further term of supervision to follow in this case. The additional 65 days are imposed for the unserved home confinement time. The Court would further recommend that this term of imprisonment be imposed to run **consecutively** to the term of confinement that Mr. Harvey is currently serving in the Texas Department of Criminal Justice, Institutional Division, for his

conviction in cause number 12-5438, adjudicated in the Criminal District Court of Jefferson County, Texas.

**OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 25th day of March, 2013.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE